**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Michael J. Kinzer,

Plaintiff,

vs.

Fabyanske, Westra & Hart, P.A.,

Defendant.

**Civil No. 00-855 (DWF/AJB)**

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and between defendant Fabyanske, Westra & Hart, P.A. ("defendant") and plaintiff Michael Kinzer ("plaintiff") as follows:

1. Any party may designate any documents or other information produced during discovery as "confidential", if the designating party in good faith believes that the designated materials constitute confidential or proprietary information. (Hereinafter, such designated material is referred to as "Confidential Information".)

2. Defendant may designate material as confidential after making a good faith determination that the material contains: 1) private personnel information regarding shareholders, employees, former employees, and/or job applicants; 2) information about clients; 3) non-public financial information; or 4) non-public information about the administration of defendant. Private personnel information includes documents and information relating to employee compensation, employee finances, performance evaluations, personal notes, employee medical records, employee health insurance records,

FILED AUG 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

employee discipline records, expense records, and family, age, and similar information. Non-public financial information does not include information required to be disclosed in defendant's filings with federal and state regulatory agencies. Defendant reserves the right to withhold attorney-client privilege information.

3. Plaintiff may designate material as confidential after making a good faith determination that the material contains: 1) medical, psychiatric, or counseling information; or 2) non-public financial information.

4. If a party believes that any material produced or disclosed in the course of discovery does not contain any of the types of information described in paragraph 2 or 3, it may, at any time, contest the applicability of this Protective Order to such material by notifying the attorneys for the designating party and identifying the material for which the confidentiality designation is contested. Upon such notification, the designating party shall have thirty (30) days to make a Motion for Protective Order with respect to such material. Any contested materials for which such a motion is not made or as to which requested relief is not granted shall be deemed outside the scope of this Protective Order.

5. The designating party may designate any information or documents as Confidential Information by:

(a) imprinting the word "confidential" on the first page or cover page of any document produced;

(b) imprinting the word "confidential" next to or above any answer to an interrogatory;

(c) advising the court reporter that certain testimony is confidential and is to be separately transcribed and marked accordingly; or

(d) informing all other counsel, in writing, that certain information is Confidential Information and is governed by this protective order.

Medical, psychiatric, or counseling information about plaintiff received by defendant pursuant to a Release signed by plaintiff is hereby designated Confidential Information.

6. Information designated as Confidential Information shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) The parties' attorneys and their office staffs;

(b) Defendant's shareholders, employees, and agents involved in this litigation on behalf of defendant; with the exception of any "confidential" medical, psychiatric or counseling documents or information of the plaintiff which shall only be given, shown, made available or communicated to shareholders Marv Fabyanske, Dean Thomson, Mark Westra, Dennis Trooien, Kyle Hart, and Scott Anderson.

(c) Plaintiff;

(d) The Court and its staff;

(e) Outside consultants and experts retained by the parties to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(f) Court reporters and witnesses to the extent necessary for preparing or taking testimony;

(g) Such other persons as the Court may specifically approve after notice and hearing; and

(h) Such other persons as the parties may agree in writing.

7. Before disclosing Confidential Information to the parties or outside consultants and experts retained to assist in preparation for trial or settlement, counsel for the party proposing to make such a disclosure shall obtain from these individuals an agreement

in writing to be bound by this Stipulation for Entry of Protective Order. Anyone who signs such an agreement will be bound by this Stipulation for Entry of Protective Order. These agreements need not be disclosed to opposing counsel, unless ordered by the Court or requested by a party.

8. The people to whom paragraph 6 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than preparation for trial, trial, appeal, or settlement of this matter.

9. There shall be no reproduction of documents designated as Confidential Information except that, as required in the course of the litigation, copies, excerpts or summaries may be shown or given to those persons authorized by paragraph 6 to receive the Confidential Information.

10. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive Confidential Information.

11. If, at the time of trial, any party wants to use any Confidential Information, that party shall give timely notice of that intention to the Court and to the other parties, and the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

12. Within thirty (30) days after the final termination of this action, including all appeals, each attorney of record shall return the original and all copies of all documents that have been designated by an adverse party as Confidential under paragraph 5

of this Stipulation for Entry of Protective Order, including all summaries and excerpts. Each attorney of record may retain all memoranda and correspondence derived from Confidential Information. Despite final termination of this action, this Stipulation for Entry of Protective Order shall continue to apply to all discovery covered by it.

13. This Stipulation for Entry of Protective Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

14. This Stipulation for Entry of Protective Order is without prejudice to any right of a party to make any lawful use of information prepared by the party or on the party's behalf by an agent or employee of the party, and the fact that such information is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of such information.

15. Nothing in this Stipulation for Entry of Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Federal Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

16. Nothing in this Stipulation for Entry of Protective Order shall prevent any party from seeking a modification of this Order or objecting to discovery that it believes to be otherwise improper.

17. This Order shall be effective retroactively to the date by which plaintiff and defendant have signed this document.

18. The obligations and responsibilities of the parties and the parties' counsel under this Protective Order shall continue in effect after the conclusion of the case.

Date: August 8, 2000

HEDIN & GOLDBERG, P.A.

Daniel S. Goldberg, #207354
Elizabeth A. Glidden, #238287
2100 Stevens Avenue South
Minneapolis, MN 55404
(612) 871-5500

Attorneys for plaintiff Michael J. Kinzer

Date: August 7, 2000

FAEGRE & BENSON LLP

Jerry W. Snider, #102945
Holly M. Robbins, #260381
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000

Attorneys for defendant Fabyanske, Westra & Hart, P.A.

**ORDER**

Based on the foregoing stipulation, **IT IS SO ORDERED**:

Dated: 8/9, 2000.

Magistrate Judge Arthur Boylan

M1:644230.02

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.