**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Michael J. Kinzer,

Plaintiff,

v.

Fabyanske, Westra & Hart, P.A.,

Defendant.

Civil No. 00-855 DWF/AJB

**ORDER ON MOTIONS TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to compel answers to interrogatories and production of documents [Docket No. 12] and defendant's motion for production of documents [Docket No. 15]. Hearing was held on June 22, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Daniel S. Goldberg, Esq., appeared on behalf of the plaintiff. Holly M. Robbins, Esq., appeared on behalf of the defendant.

Based upon the file and documents contained therein, along with memorandums, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery is **denied in part and granted in part** [Docket No. 15]. Defendant seeks production of complete journal entries in response to its document request No. 11. Plaintiff has provided at least some of the requested materials in a redacted form. Plaintiff contends that the redactions were references to a mediation between the parties and are not discoverable pursuant to limitations on discovery and admissibility of information relating to settlement negotiations. In addition, defendant seeks disclosure of



FILED JUL 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

redacted personal information which may be relevant to a claim of emotional distress. With respect to discovery of redacted personal information, the applicable materials shall be submitted to the Court for *in camera* inspection. Materials shall be provided in both unredacted and redacted forms Plaintiff shall further provide handwriting translations of the journal entries which shall be sufficient in scope to provide complete context for the redacted personal information. All or some previously redacted information may thereafter be provided to the defendant in the manner and upon conditions that the Court finds appropriate upon review of the material.

With respect to discovery of redacted material relating to mediation, defendant's motion is denied. Defendant insists that discovery of this material is relevant and is not precluded by the limitations on admissibility of statements made in compromise negotiations under Fed. Evid. R. 408; that plaintiff has improperly made selective disclosures; and plaintiff has waived his objections. Defendant argues that the Courts should recognize a mediation privilege under Fed. Evid. R. 501; a mediation privilege exists under Minnesota state law; and the discovery is precluded by specific agreement between the parties. The Court concludes that the requested discovery of redacted journal information relating to mediation is barred by the "Agreement to Mediate" executed by on June 15, 1999,[1] which states:

> **Confidentiality:** All discussions, representations and statements made during the mediation are confidential as settlement negotiations. The parties will not subpoena or otherwise require the Mediator to testify or produce records, notes or work product in any future proceedings.

This provision properly and succinctly classifies mediation related discussions as confidential

---

[1] Affidavit of Douglas A. Hedin, Exh. No. 1.

and it must be assumed that open and frank discussions, and the candid impressions they engender, are prompted in large part by a presumption of such confidentiality. The provision simply recognizes that settlement negotiations are not fertile grounds for the propagation of admissible, discoverable, or reliable evidence on the merits of the case under consideration. Certainly, relevant evidence constitutes the primary bases for discussion in a typical settlement negotiation. However, the direction of any given settlement negotiation may be affected less by real evidence than by emotions and general uncertainties. Substantive evidence conveyed in a mediation setting is invariably available elsewhere and to the extent that information is presented or arises in the context of mediation it may be tainted by numerous and various subjective elements. Discovery of such material generally serves no useful purpose. Furthermore, permitting discovery of mediation related information, including notes taken during mediation and subsequent journal entries regarding mediation, could seriously inhibit the openness and reflective processes which are important to mediation and settlement efforts both in the present case and in general. In this instance the Court is not persuaded that the discovery of redacted journal references regarding mediation is necessary or appropriate and finds that prohibition against such discovery is aptly and effectively expressed in the confidentiality provision of the Agreement to Mediate executed by the parties.

2. Plaintiff's motion to compel discovery is **granted in part, denied in part, and moot in part** [Docket No. 12].

3. Plaintiff's request pursuant to interrogatory No. 7 for identification of an attorney employed by the defendant firm in the 1980's, but later terminated on "integrity" grounds, is **denied**. Disclosure of the existence of this former employee came through deposition

testimony. Identity and further particulars were requested through interrogatory. The Court finds that the request for further identification unnecessarily seeks discovery of confidential material which is significantly remote in time and is therefore not sufficiently relevant to claims in this case to justify disclosure in light of the former employee's legitimate confidentiality interests.

4. Plaintiff's request pursuant to interrogatory No. 3 for shareholder compensation information dating from 1992 to the present is **granted**. Defendant has provided requested information dating from 1996 to the year 2000 but opposes further disclosure. The Court finds that the discovery is not overburdensome and is relevant or may lead to discovery of admissible evidence relating to damages issues.

5. Plaintiff's request pursuant to interrogatory No. 2 for identification of each attorney who has been give a leave of absence is **granted**. General circumstances relating to several leaves have been disclosed without identification of the particular attorneys involved. The Court finds that the requested information is sufficiently relevant to claims in this case to outweigh the confidentiality interests of the non-parties with respect to their identities and disclosure of the names of the non-parties is warranted. Defendant's disclosure of additional information pursuant to this interrogatory is not required.

6. Plaintiff's request pursuant to interrogatory No. 4 for financial information which may be relevant to a claim for punitive damages is **moot**. Defendant agrees to provide the designated materials at least ten days prior to trial.

7. Plaintiff's request pursuant to interrogatory No. 10 for the personnel file of Carrie Green is **moot**. Materials shall be produced pursuant to terms agreed to by the parties as indicated in a separate Court approved stipulation specifically addressing this issue.

Dated: 7/2/01

Arthur J. Boylan
United States Magistrate Judge